IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>          v.<br><br>SERGIO LOPEZ,<br><br>               Appellant. | No. 82253-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Without any evidence that Appellant Sergio Lopez receives Social Security benefits, he appeals his felony conviction asking for a remand to correct his judgment and sentence by noting that no Legal Financial Obligations (LFOs) may be satisfied out of Social Security benefits subject to the antiattachment statute, 42 U.S.C. § 407(a). We affirm.

FACTS

A jury found Lopez guilty of two counts of theft in the first degree. At sentencing, the court imposed the mandatory $500 victim penalty assessment and waived all non-mandatory financial penalties and assessments. Lopez did not claim during sentencing, after sentencing, or in this appeal that he was entitled to or received Social Security benefits. Lopez appeals.

Citations and pin cites are based on the Westlaw online version of the cited material.

DISCUSSION

Lopez contends that "the trial court erred by failing to note in the judgment and sentence that no LFOs, including those that are mandatory, may be satisfied out of Social Security benefits."

We review a decision on whether to impose LFOs for abuse of discretion. State v. Clark, 191 Wn. App. 369, 372, 362 P.3d 309 (2015). "Discretion is abused when the trial court's decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons." State v. Blackwell, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993).

LFOs may not be satisfied out of any funds subject to the Social Security Act's antiattachment statute, 42 U.S.C. § 407(a). State v. Catling, 193 Wn. 2d 252, 266, 438 P.3d 1174 (2019).

Lopez relies on State v. Dillon, 12 Wn. App. 2d 133, 153, 456 P.3d 1199 (2020). In both Catling and Dillon, the defendants' sole sources of income were Social Security benefits. Catling, 193 Wn.2d at 255; Dillon 12 Wn. App. 2d at 137. Remand was granted in both cases for the trial courts to indicate on their judgment and sentences that LFOs may not be satisfied out of any funds subject to the Social Security Act's antiattachment statute, 42 U.S.C. §407(a). Catling, 193 Wn.2d at 264-66; Dillon, 12 Wn. App. 2d at 153.

Unlike Catling and Dillon, Lopez does not contend that his sole source of income is Social Security benefits. Instead, he argues, "it is possible future sources of income for Lopez may include social security benefits." Lopez cites no authority to support his contention that remand is appropriate under these

facts. We agree with the State that "speculation that Lopez might someday apply for Social Security benefits, that the Social Security Administration will award such benefits, and that the State might then attempt to garnish this income in violation of state and federal law does not demonstrate an abuse of discretion by the trial court."

Under these facts, it was not error for the trial court to not have indicated on the judgment and sentence that Lopez's LFOs may not be satisfied out of any funds subject to the Social Security Act's antiattachment statute, 42 U.S.C. § 407(a).[1]

Affirmed.

WE CONCUR:

_____   _____
                          Coburn, J.

_____   _____
                          Mann, C.J.

---

[1] Lopez argues that it is a waste of judicial resources to require him to have to litigate this issue in the future if he does receive Social Security benefits that are garnished for LFO payments. In essence, Lopez contends that it is more judicially efficient if all judgment and sentence forms always include the disclaimer regarding satisfying LFOs from funds subject to the Social Security Act's antiattachment statute, 42 U.S.C. § 407(a). While we recognize the logic in this argument and see the benefit of informing defendants that they would not be required to pay their LFOs from such Social Security benefits, that argument is best directed to those responsible for the judgment and sentence form. See CrR 7.2(d) ("The uniform judgment and sentence shall be a form prescribed by the Administrator for the Courts in conjunction with the Supreme Court Pattern Forms Committee.").